Ross Realty Corporation *v.* Bernard Surkis et al.

House, C. J., Ryan, Shapiro, Loiselle and MacDonald, Js.

Argued June 8—decided July 12, 1972

*Frank A. Francis,* for the appellant (plaintiff).

*Lewis Rabinovitz,* for the appellees (defendants).

RYAN, J.   This is an action in two counts which was commenced on or about October 15, 1971. In the first count it was alleged that the plaintiff corporation entered into an oral agreement with the defendant Bernard Surkis (hereinafter called the defendant Bernard) wherein the plaintiff and the defendant Bernard were to purchase a building for resale in the redevelopment area of the town of East Hartford; that they agreed that they would erect the building on land to be purchased by them; that in reliance on the agreement the plaintiff purchased the building for $2500 and the parties agreed that it would be stored on the land of the defendant Bernard; that it was further agreed that the building would be sold with the land of the defendant Bernard and that after consummation of the sale the reasonable value of the land of Bernard and the expenditures of the plaintiff would be deducted and the balance remain-

ing would be divided between the plaintiff and the defendant Bernard; that on or about May 1, 1968, the defendant Bernard took possession of the building, made extensive alterations without the knowledge or consent of the plaintiff, has made no attempt to sell the building or land or to reimburse the plaintiff and has converted the building to his own use. The second count alleges a fraudulent conveyance of the land and building by the defendant Bernard to the defendant Deborah M. Surkis.

The defendants filed a plea in abatement alleging that the identical cause of action was brought on July 5, 1968, between the same parties; that on May 19, 1970, judgment for failure to prosecute was rendered against the plaintiff in that case; and that since the present action was commenced more than one year after the date of that judgment it does not come within the saving provisions of § 52-592 of the General Statutes, and is thereby barred by the Statute of Limitations.[1]

The plaintiff demurred to the plea in abatement on the following grounds: (1) The plea in abatement raises the issue of res judicata which must be specially pleaded; (2) a judgment for failure to prosecute is not a judgment on the merits; (3) the

---

[1] General Statutes § 52-592 provides, in pertinent part: "If any action, commenced within the time limited by law, has failed . . . to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the writ was abated, or has been erased from the docket for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been arrested, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action."

present action is not a proceeding under § 52-592 and makes no reference to mistake or accidental failure of suit but is a new action; (4) the present complaint is different from the one in the earlier case.

The trial court overruled the demurrer and sustained the plea in abatement on the ground that the original case is identical with the new action and, since the plaintiff did not commence the present action within one year from May 19, 1970, the court was without jurisdiction. From the judgment of the trial court the plaintiff has appealed to this court.

The plea in abatement was not predicated on the pendency of a prior action between the same parties, for the same cause, because it recites a rendering of judgment dismissing the earlier case for failure to prosecute. Even if such a claim were made it could not be sustained because the prior action would not be "pending" after the rendering of final judgment, although not on the merits. *Fetzer* v. *Miscoe Spring Water Co.*, 141 Conn. 364, 365, 106 A.2d 149. The basic claim of the defendants is that the action was commenced more than a year after the rendering of judgment in the original case, and, for that reason, does not come within the saving provisions of § 52-592 and is thereby barred by the Statute of Limitations.

The defendants were attempting to interpose the defense of the Statute of Limitations. Such a defense must be specially pleaded and cannot be raised by a plea in abatement. Practice Book § 120; *Fetzer* v. *Miscoe Spring Water Co.*, supra, 365. The plaintiff could have demurred to the plea in abatement on this ground but did not do so, and the trial court correctly refrained from sustaining the demurrer on a ground which was not specified. *Covino*

v. *Pfeffer,* 160 Conn. 212, 213, 276 A.2d 895; *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198. The plea in abatement assumed that the present action was an attempted proceeding under § 52-592 and the demurrer countered this with the claim that it was not such a proceeding and therefore was not barred by the failure to comply with the one-year saving provisions of the statute.

While it has been suggested that it might be desirable for the plaintiff to plead sufficient facts necessary to bring the matter within the purview of § 52-592, either by anticipation in the complaint or in the reply to a defense of the Statute of Limitations in order that the defendant might, if he chose, plead to them, this court has never held this to be a requirement. *Dillon* v. *Millot,* 17 Conn. Sup. 1, 3. It has been and is the holding of this court that matters in avoidance of the Statute of Limitations need not be pleaded in the complaint but only in response to such a defense properly raised. *Todd* v. *Bradley,* 99 Conn. 307, 122 A. 68. There is nothing in the complaint to indicate that the present action is a proceeding under § 52-592. The trial court, in overruling the demurrer and sustaining the plea in abatement, was in error.

The defendants make the further claim that even if the statutory period of limitation as applied to the cause of action set forth in the complaint had not lapsed at the time the present action was commenced, § 52-592 abridges the general Statute of Limitations by allowing the second suit only if brought within one year after the dismissal of the original suit. "This statute [§ 52-592] was passed to avoid the hardships arising from an unbending enforcement of limitation statutes. The extension of time provided by it applies to all cases where a suit,

seasonably begun, has failed for one or more of the causes stated. *Korb* v. *Bridgeport Gas Light Co.,* 91 Conn. 395, 401, 99 A. 1048." *Gallo* v. *G. Fox & Co.,* 148 Conn. 327, 329, 170 A.2d 724. It is remedial and is to be liberally interpreted. *Baker* v. *Baningoso,* 134 Conn. 382, 387, 58 A.2d 5. When a suit has been started seasonably, the statute extends the Statute of Limitations for a period of one year after the determination of the original action. "Although there is some dictum to the contrary, it seems to be firmly established that a saving clause in a statute of limitations permitting a new action to be brought within a specified period after failure of the original action for some reason other than on the merits is generally considered as extending, rather than abridging, the general statutes of limitation, so that if the portion of the limitation period remaining after the failure of a prior action is greater than the period allowed by the saving clause, the plaintiff will not be restricted to the latter period in bringing a new action." 51 Am. Jur. 2d, Limitation of Actions, § 304; *Hughes* v. *Hebert,* 106 N.H. 176, 207 A.2d 432; note, 13 A.L.R.3d 979, 980. There is nothing contained in the statute to indicate that the legislature intended to abridge the applicable Statute of Limitations. Such a construction would be in direct contradiction of its remedial purpose. It is clear that § 52-592 is neither needed nor intended to be used before the Statute of Limitations has run.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer.

In this opinion the other judges concurred.