[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 27, 1992, the plaintiff, Thaddeus Colombo, filed a complaint against the defendant, Robert Imundi, Newtown Colonial Diner, Inc., and the cross claim plaintiffs, CT Page 3725 Todd and Eugene Bolmer, for injuries sustained in an automobile accident on June 23, 1988. The suit was commenced under the aegis of Sec. 52-592 of the General Statutes since the original suit was dismissed on March 18, 1991.
Todd and Eugene Bolmer (hereinafter "the cross claim plaintiffs"), filed a cross claim against the defendant, seeking indemnification and apportionment of liability under Sec. 52-572h. The defendant filed a motion to strike the cross complaint arguing that the cross claim was barred by the applicable statute of limitations. The court (Fuller, J.) denied this motion without articulation.
Simultaneously with the motion to strike, the defendant also filed a motion to dismiss the plaintiff's action for lack of subject matter jurisdiction as a result of the plaintiff's failure to file the instant proceeding within one year from the dismissal of the prior-action, as mandated by the accidental failure of suit statute, Sec. 52-592 of the General Statutes. The court (Fuller, J.) granted the motion as to the defendant Imundi since this action was not commenced against him within one year of termination of the prior action by the nonsuit against the plaintiff. As a result of that dismissal, the defendant filed a motion to dismiss the cross complaint, supported by a memorandum of law. In the memorandum of law, he asserts that the entry of such dismissal may be predicated upon one or all of the following reasons: (1) lack of subject matter jurisdiction over the cross claim; (2) the applicable statute of limitations; and (3) the lack of personal jurisdiction.
The lack of subject matter jurisdiction over the cross claim allegedly is generated by the dismissal of the original complaint. "A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book, Sec. 142. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Practice Book, Sec. 143." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687. The lack of subject matter jurisdiction cannot be waived by the parties and when discovered by the court, the court shall dismiss the action. Practice Book, Sec. 145. CT Page 3726
However, the defendant gratuitously assumes that the court dismissed the original suit against the defendant due to lack of subject matter jurisdiction. To the contrary, the court (Fuller, J.) dismissed the original action because the plaintiff failed to file a new action against the defendant within the time required by the accidental failure of suit statute. See Sec. 52-593. That statute provides, inter alia, that if any action commenced within the time limited by law has failed to be tried on the merits, the plaintiff may commence a new action for the same cause of any time within one year after the termination of the original action. Expressed in the jurisdictional terms, "[t]he general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded." (Citations omitted.) Where the specific limitation is contained in the statute that establishes the remedy, the statute of limitations is considered substantive and jurisdictional. Orticelli v. Powers, 197 Conn. 9, 15 ; L. G. DeFelice Son, Inc. v. Wethersfield, 167 Conn. 509, 511. Consistent with this,
 [i]t should . . . be noted that as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section 52-592. The saving statute is essentially an extension of, and by implication a response to, a statute of limitations defense. See Ross Realty Corp. v. Surkis, 163 Conn. 388, 393, 311 A.2d 74 (1972). The existence of a statute of limitations defense would not deprive the court of subject matter jurisdiction. Such a defense ordinarily is raised by either a motion to strike or by a motion for summary judgment.
Lovett v. Frankel, 5 Conn. L. Rptr. 397, 398 (January 6, 1992, Schaller, J.). The prior suit was not dismissed for lack of subject matter jurisdiction. Therefore, the defendant cannot prevail on his first argument in which he claims lack of subject matter jurisdiction.
At least one court has decided that "`[a] dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant.' [Citations CT Page 3727 omitted.] [A] crossclaim may not be brought against a person who has been eliminated from a suit prior to the time when the crossclaim was filed, since the person is no longer a party. When, however, the original claim against a party is dismissed on the merits, crossclaims previously interposed against the same party remain.'" Osinski v. Pelletier,6 Conn. L. Rptr. 206, 207 (April 20, 1992, Hennessy, J.) and citations therein. As a result, since the cross defendant was not eliminated from the original action prior to the filing of the cross claim, this court cannot favorably entertain the motion to dismiss based upon the dismissal of the original suit.
Next, the defendant postures that this action should be dismissed because the statute of limitations applicable to an action for indemnification and apportionment bars the cross claim. To reiterate, although a motion to dismiss is not the proper procedural vehicle to raise the defense of statute of limitations; Ross Realty Corporation v. Surkis, supra, 391:
 [t]he fact that the . . . [defendant] may have utilized the wrong procedural vehicle, however, should not prevent the court from acting on the issue of whether or not the proposed . . . [cross claim] is barred by the statute of limitations, as long as that issue is fairly raised on the record before it. The Supreme Court has approved the procedure of treating a Motion to Dismiss as a Motion to Strike where appropriate. McCutcheon 
Burr, Inc. v. Berman, 218 Conn. 512, 527 (1991).
Isaacson v. Wiese, Judicial District of New London, Docket No. CV-21-4837 (May 28, 1992, Silbert, J.). This court is satisfied that it may treat the motion to dismiss as a motion to strike.
However, it must be remembered that the court (Fuller, J.), on November 11, 1992, previously decided a motion to strike the cross complaint filed by the defendant, seeking to strike the cross claim based upon the statute of limitations. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." "A judge CT Page 3728 should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Breen v. Phelps, 186 Conn. 86, 99; State v. Hoffler,174 Conn. 452, 462-63; State v. Mariano, 152 Conn. 85, 91-92, cert. denied, 380 U.S. 943. "`Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment.'" Carothers v. Capozziello, 215 Conn. 82, 107; Breen v. Phelps, supra. The court's previous ruling is not clearly erroneous and will and should be honored.
Finally, he urges that the court should dismiss the cross complaint because the cross claim plaintiffs failed to serve the defendant with a copy of the cross complaint. However, a motion to strike was filed on September 24, 1992. One filing a motion to dismiss must file the motion within thirty days after the filing of an appearance. Practice Book, Sec. 142. In addition, "[i]n all cases, when the court does not otherwise order, the filing of any pleading provided for by . . . [Practice Book, Sec. 112] will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." Practice Book, Sec. 113. According to Practice Book, Sec. 112, a defendant must file a motion to dismiss before a motion to strike. "Thus, generally, pleadings are not to be filed out of the order specified in Sec. 112, and the filing of a pleading listed later in the order set out by Sec. 112 waives the right to be heard on the pleading that appears earlier on the list." Sabino v. Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134 (1989). Lack of jurisdiction over the person may be waived by failure to file a timely challenge. Bridgeport v. Debek, 210 Conn. 175,180. Consequently, since the cross defendant has not raised a timely challenge to personal jurisdiction, he is held to have waived the jurisdictional defect. The cross defendant's motion to dismiss is, accordingly, denied.
Moraghan, J. CT Page 3729