[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On July 8, 1992, the plaintiffs, Richard Cipriano and Michelle Cipriano, filed a twelve count complaint against the defendants, Richard Kelley and RSK-Kellco, Inc., seeking damages for structural and other defects allegedly present in the single family house built for the plaintiffs by the defendant.[1] In their complaint, the plaintiffs allege that the parties signed a sales agreement on November 17, 1986, that the defendant thereafter built the house, and that the closing took place in June, 1987. The plaintiffs allege that in January, 1988, they notified the defendant that doors were warping and did not close and that cracks were appearing in walls. The plaintiffs allege that in October, 1989, they had the house inspected by a town inspector who told them that the house was in violation of the building code. The plaintiffs further allege that in December, 1989, the town inspector returned with his supervisor and the defendant and informed the plaintiffs that the earlier statement was in error and that the house conformed to the building code. The plaintiffs allege that in April, 1992, two private inspections of the property were done at their request, and the inspectors found numerous structural defects.
In the first four counts of the complaint, the CT Page 4874 plaintiffs allege that the defendant breached express warranties. In counts five, six, seven and eight, the plaintiffs allege that the defendant breached implied warranties. In count nine the plaintiffs allege that the defendant constructed the building in a negligent manner, and in count ten, the plaintiffs allege that the defendant made fraudulent misrepresentations as to the material to be used in constructing the building. In counts ten, eleven and twelve, the plaintiffs allege that the defendant's actions violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110b et seq.
On March 15, 1993, the defendant Richard Kelley and RSK Kellco, Inc. filed a motion to dismiss the plaintiffs' action on the ground that the court "lacks subject matter jurisdiction over the defendants in that this action was brought beyond the applicable statute of limitations." The defendants also filed a memorandum in support of the motion. On April 6, 1993, the plaintiffs filed an objection to the motion to dismiss accompanied by a memorandum of law in support of their objection.
A motion to dismiss is the proper vehicle for challenging the subject matter jurisdiction of the court. Practice Book 143(1). Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Gurliacci v. Mayer, 218 Conn. 531, 542, 590 A.2d 914
(1991); Le Conche v. Elligers, 215 Conn. 701, 709,579 A.2d 1 (1990). Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. Castro v. Viera,207 Conn. 420, 433, 541 A.2d 1216 (1988). If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). The complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212,217, 459 A.2d 1031 (1983).
Ordinarily, the defense of the statute of limitations must be specially pleaded and cannot be raised by a motion to dismiss. Practice Book 164; Ross Realty v. Surkis, 163 Conn. 388, 391, 311 A.2d 74 (1972). CT Page 4875
 The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded. See Practice Book 164, 109A. . . . [T]he limitation acts as a bar to a remedy otherwise available. . . . Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation . . . the statute of limitations is considered substantive or jurisdictional, and not subject to waiver. . . .
(Citations omitted.) Travelers Indemnity Co. v. Rubin,209 Conn. 437, 445-46, 551 A.2d 1220 (1988), quoting Oricelli v. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985).
The defendants have provided no authority for their claim that the court lacks subject matter jurisdiction over this action because the applicable statutes of limitations have run as to the various counts of the plaintiffs' complaint. There is no indication from the allegations of the complaint that the causes of action stated in counts one through nine are statutorily created causes of action. Therefore, under the allegations of these counts of the complaint, the statutes of limitations which would be applicable to these counts are procedural, not substantive. Accordingly, the defendants' statute of limitations claims should be pleaded as special defenses, and are not properly raised by a motion to dismiss.
With respect to the plaintiffs' statutory CUTPA claims in counts ten, eleven and twelve, the entire argument of the defendants in their memorandum in support of the motion to dismiss consists of the bald assertion that "[e]ach of these counts are [sic] barred by the Statute of Limitations contained in C.G.S. 42-100g(f) which provides for a three-year Statute of Limitations." (Defendants' Memorandum, p. 3). The plaintiffs have alleged occurrences on a number of different dates in their complaint. It is not apparent from the plaintiffs' complaint on what date the defendant supplied plaintiffs with the warranty manual or upon what date or dates the CT Page 4876 occurrence of any violation of CUTPA took place. In their memorandum, the defendants have offered neither legal authority for their position, nor any analysis or explanations as to why they are contending that the statute of limitations has run with respect to the plaintiffs' CUTPA claims.
Accordingly, for all of the foregoing reasons, the defendants' motion to dismiss is denied.[2]
Mary R. Hennessey, Judge