[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action to recover damages for a variety of mental and physical injuries allegedly caused by defendant's applications of pesticides in the plaintiff's apartment.
Defendant moves for summary judgment on the basis that this action is barred by the applicable statutes of limitations, asserting CT Page 6348-B that this action was commenced on December 8, 1989.
Plaintiff claims this action was started on December 16, 1987, was dismissed under the dormancy program on June 9, 1988 and is saved by Conn. Gen. State. 52-592, the accidental failure of suit statute. Defendant argues that plaintiff's failure to invoke this statute in his present complaint deprives him of the right to proceed under its provisions.
In Ross Realty Corp. v. Surkis, 163 Conn. 388, 392 (1972) our Supreme Court stated:
While it has been suggested that it might be desirable for the plaintiff to plead sufficient facts necessary to bring the matter within the purview of 52-592, either by anticipation in complaint or in the reply to a defense of the Statute of Limitations in order that the defendant might, if he chose, plead to them, this court has never held this to be a requirement. Dillon v. Millot,17 Conn. Sup. 1, 3. It has been and is the holding of this court that matters in avoidance of the Statute of Limitations need not be pleaded in the complaint but only in response to such a defense properly raised.
It is clear that plaintiff was not required to plead the statute in its present complaint. However, it would have been proper and CT Page 6348-C desirable for him to plead the statute in his reply to the defendant's special defense raising the statute of limitations claim, which he did not do.
Nevertheless, we conclude that there remains an issue of material fact as to when this action was started and, accordingly, defendant's motion for summary judgment is denied.