[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #124
The plaintiff, Thomas Parkes, alleges that on June 18, 1988, he was injured while on the premises of the defendant, Patson's Confectionery Corp., d/b/a Success Discount Wine Liquors (Patson), when he tripped over a cooler that was placed on the floor by another defendant, Peter Larracuente. In the first count of the revised complaint filed on October 22, 1993, the plaintiff asserts a negligence claim against Patson. In the second count, the plaintiff asserts a negligence claim against Larracuente.
The plaintiff had originally filed suit against the defendant on June 15, 1990 (Parkes v. Larracuente, CV900273104). On August 11, 1992, the court, Lewis, J., dismissed that original action on the ground of insufficiency of service of process. The plaintiff then commenced the present action on October 7, 1992.
On August 26, 1993, Patson filed an answer and raised the statute of limitations as a special defense. On September 7, 1993, CT Page 462 the plaintiff filed a reply in which he denied the allegations stated in Patson's special defense. On November 3, 1993, Patson moved for summary judgment (#113) on the ground that the plaintiff's action was barred by the applicable statute of limitations, General Statutes § 52-584. On November 17, 1993, in response to Patson's motion for summary judgment, the plaintiff filed a motion for permission to amend the complaint to state that the present action was commenced pursuant to General Statutes § 52-592. On November 24, 1993, Patson filed an objection to the plaintiff's request for permission to amend. Patson's objection was overruled by the court, Fuller, J., on May 9, 1994. In so ruling, the court did not reach the merits of Patson's statute of limitations special defense.
On November 29, 1994, Patson filed a motion for summary judgment (#124) and a supporting memorandum of law. In moving for summary judgment, Patson argues that the plaintiff's negligence claim is barred by the applicable statute of limitations, General Statutes § 52-584. Patson also argues that the plaintiff's amendment of his revised complaint to state that he is bringing his negligence claim pursuant to the accidental failure of suit statute, General Statutes § 52-592, is untimely because it was filed on May 9, 1994, more than one year after the plaintiff's original action was dismissed. The plaintiff has not filed a memorandum or affidavit in opposition.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. A material fact is one that will make a difference in the outcome of a case. Yanow v. TealIndustries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). In ruling on a motion for summary judgment, the court must view the facts presented in the light most favorable to the non-moving party. Suarez v. Dickmont Plastics Corp., supra, 229 Conn. 105.
The applicable statute of limitations, General Statutes § 52-584, provides in pertinent part that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered. . . ." In the present case, the plaintiff alleges that he was injured on June 18, 1988. Clearly CT Page 463 the present action was commenced beyond the statute of limitations, as it was commenced approximately four years and three months after the plaintiff allegedly sustained his injuries. Unless the plaintiff can avail himself of the accidental failure of suit statute, General Statutes § 52-592, his negligence claim is barred by the statute of limitations.
Section 52-592(a) provides in pertinent part that:
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
Section 52-592(a) "permits the filing of a new action within one year of the dismissal of the original action for insufficient service if the original action was timely filed." Pintavalle v.Valkanos, 216 Conn. 412, 414, 581 A.2d 1050 (1990). This statute was enacted to avoid the hardships arising from an unbending enforcement of the statute of limitations. Ross Realty Corporationv. Surkis, 163 Conn. 388, 392, 311 A.2d 74 (1972). Section 52-592
"is a remedial statute and is to be interpreted liberally." Isaacv. Mount Sinai Hospital, 210 Conn. 721, 728, 557 A.2d 116 (1989). Nevertheless, § 52-592 "should not be construed so liberally as to render statutes of limitation virtually meaningless." Pintavalle v.Mount Sinai Hospital, supra, 216 Conn. 417.
The plaintiff's original action was dismissed for insufficiency of service of process on August 11, 1992. The plaintiff commenced the present action on October 7, 1992, well within one year from the date that the original action was dismissed. However, neither the first complaint in the present action, filed on October 11, 1992, nor the revised complaint, filed on October 22, 1993, specifically mention § 52-592, or state facts that bring the present action within the purview of the accidental failure of suit statute. Furthermore, the plaintiff did not raise the accidental failure of suit statute in replying to Patson's special defense. The plaintiff first pleads that he commenced the CT Page 464 present action pursuant to § 52-592(a) in his amended revised complaint filed on May 9, 1994, which was filed in response to Patson's motion for summary judgment. Patson argues that the plaintiff's amended revised complaint, which alleges that the plaintiff's negligence claim is being asserted pursuant to § 52-592, is untimely because it was not filed within one year after the dismissal of the original action.
In Ross Realty Corporation v. Surkis, supra, 163 Conn. 392, the court stated that:
 [w]hile it has been suggested that it might be desirable for the plaintiff to plead sufficient facts necessary to bring the matter within the purview of § 52-592, either by anticipation in the complaint or in the reply to a defense of the Statute of Limitations in order that the defendant might, if he chose, plead to them, this court has never held this to be a requirement. . . . It has been and is the holding of this court that matters in avoidance of the Statute of Limitations need not be pleaded in the complaint but only in response to such a defense properly raised.
(Citation omitted.) In Maythem v. Winer, Superior Court, Judicial District of Waterbury, Docket No. 112053 (June 7, 1994, Sullivan, J.), the plaintiff did not plead the accidental failure of suit statute in her complaint, filed on October 16, 1992, and the plaintiff's attorney did not raise this statute until April 7, 1994, when he raised it during oral argument on the defendants' statute of limitations special defenses. At trial, the court ruled that it could properly consider § 52-592 and ordered the plaintiff to amend her reply to the defendants' special defenses to cite § 52-592. In so ruling, the court stated that:
 [t]he court believes that the defendants' counsel was aware that the plaintiff was proceeding under the aforementioned statute because reference was made to it on April 7, 1994, as aforesaid. Thus, there could be no surprise to the defendants or unfair advantage gained by the plaintiff if the court considers said statute when deciding the statute of limitations defense.
Id. In Gulycz v. Sandpiper Dunes, 9 CONN. L. RPTR. 216, 8 CSCR 677 (June 3, 1993, CT Page 465 Wagner, J.), the defendant moved for summary judgment on the ground that the plaintiff's failure to invoke the accidental failure of suit statute in his complaint deprived him of the right to proceed under its provisions. The court, relying on Ross RealtyCorporation v. Sukris, denied the defendant's motion despite the fact that the plaintiff neither pleaded the statute in his complaint, nor raised the statute in his reply to the defendant's statute of limitations special defense.
In the present case, Judge Fuller allowed the plaintiff to amend his complaint (to allege that his negligence claim was being asserted pursuant to § 52-592) in response to Patson's motion for summary judgment based on its statute of limitations special defense. Clearly it should not surprise Patson or unfairly advantage the plaintiff if the court considers Patson's statute of limitations special defense in light of § 52-592.
Section 52-592(a) provides in pertinent part that the plaintiff "may commence a new action . . . at any time within one year after the determination of the original action . . . ." The court concludes that the plaintiff complied with this statute, as he commenced the present action approximately two months after the original action was dismissed. The plaintiff's failure to specifically plead the statute until May 9, 1994 does not render the plaintiff's present action untimely because pursuant to RossRealty Corporation v. Sukris, it is not mandatory to plead § 52-592
in the complaint or in the reply to Patson's statute of limitations special defense.[1]
Therefore, the court concludes that the plaintiff's present action was timely commenced within the one year period mandated by § 52-592. Accordingly, the court denies Patson's motion for summary judgment.