[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Ross P. Waterhouse initiated this action against the Turner Construction Company (Turner) and Richards Corporation for injuries he sustained in a car accident which occurred on September 2, 1991. The defendants are contractors who were hired by the State of Connecticut to conduct certain road repairs on Nunnawauk Road in Newtown, Connecticut. The accident occurred when Waterhouse's car struck concrete barriers that had been left in the roadway by the defendants during the course of their repair work. Waterhouse's complaint sounds in two counts, the first for negligence and the second for nuisance pursuant to Sec.19a-335 of the General Statutes.
Turner has moved to strike the entire complaint on the ground that it is barred by the applicable statutes of limitations contained in Secs. 52-577 and 52-584 of the General Statutes, respectively. It argues that the motion to strike is the proper CT Page 7344 procedural vehicle by which to raise the defense of statute of limitations since all the facts that the court needs to determine the applicability of the statutes are contained in the complaint. It points out that since the tortious act occurred on September 2, 1991, and the complaint in this action was not served on the defendants until June 1996, Waterhouse's claims are barred by Secs. 52-577 and 52-584.
In opposition to the motion to strike, Waterhouse agrees that a motion to strike may be used to raise the defense of statute of limitations when the parties agree that the complaint sets forth all of the facts pertinent to the limitations issue; however, he disagrees that all of the facts pertinent to the limitations issue are contained in the complaint. Specifically, he asserts that this action is being brought pursuant to Sec. 52-593, the so-called accidental failure of suit statute, since a prior action between these same parties concerning the same issues was timely brought but was dismissed under the dormancy program.
"A motion to strike should not generally be used to assert a special defense because the facts in a plaintiff's complaint must be taken as true for purposes of the motion, without considering contrary facts proffered by a defendant to show that the action is time[-]barred and because until the pleadings are closed the plaintiff has not had an opportunity to plead in avoidance of the statute." Girard v. Weiss, 43 Conn. App. 397, 416.
"In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when the parties agree that the complaint sets forth all the facts pertinent to the question [of] whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced . . . ." (Citations omitted; internal quotation marks omitted; first alteration in original.) Forbes v. Ballaro,31 Conn. App. 235, 239-40.
In this case, Turner argues that all the pertinent facts that are required to decide the statute of limitations issue are before the court. The plaintiff, however, disagrees, arguing that there are facts, of which the defendant is fully aware, that avoid the effect of the statute of limitations cited by it. This CT Page 7345 case presents the very situation which was contemplated by the Appellate Court in Gerard v. Weiss, since until the pleadings are closed, Waterhouse will not have had the opportunity to plead facts which negate the application of the statute of limitations. As noted by the court in Forbes v. Ballaro, supra, 241 n. 9, a plaintiff is not required to plead facts in anticipation of the defense of statute of limitations. See also Ross RealtyCorporation v. Surkis, 163 Conn. 388, 392.
In Forbes, the court held that the defendant's motion to strike the complaint on the basis of statute of limitations should be denied because the the parties did not agree that all pertinent facts were before the court. Similarly, in this case, the parties disagree on whether all relevant facts to determining the limitations issue are before the court. This issue is one which is more properly raised by special defense and, accordingly, the defendant's motion to strike is denied.
Moraghan, J.