[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S REQUEST TO REVISENO. 104 AND PLAINTIFF'S OBJECTION TO REQUEST TO REVISE NO. 105.
On July 12, 1996, the plaintiff, Roberta Sherwood, filed this action against the defendant, Danbury Hospital. The plaintiff alleges the following facts.
On or about April 18, 1985, the plaintiff was admitted to Danbury Hospital for elective surgery. On or about April 19, 1985, the plaintiff underwent surgery and required blood transfusions. The plaintiff received four units of blood, one or more of which was contaminating with the Human Immunodeficiency Virus (HIV).[1] The plaintiff later became infected with HIV. On or about March 14, 1995, the plaintiff alleges that she learned that she had contracted HIV through the blood transfusions she received during her April 19, 1985 surgery at Danbury Hospital.
In a five count complaint, the plaintiff sets forth the following causes of action: negligence violation of Connecticut Unfair Trade Practices Act (CUTPA), breach of fiduciary duty, fraudulent concealment, and General Statutes § 52-592, respectively.
On September 5, 1996, the defendant filed a request to revise (#104) the plaintiff's complaint with respect to counts three through five, as well as the prayer for relief. On October 17, 1996, the plaintiff filed an objection (#105) to the request to revise.
"The request to revise is a [request] for an order directing CT Page 2120 the opposing part, to revise his pleading in the manner specified." (Citations omitted; internal quotation marks omitted.) Doe v. Marselle, 38 Conn. App. 360, 363, 660 A.2d 871, cert. granted, 235 Conn. 915 (1995). Pursuant to Practice Book § 147, a request to revise may be used to obtain; "(1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading. . . ." Practice Book § 147; seeRoyce v. Westport, 183 Conn. 177, 180 n. 2, 439 A.2d 298 (1981).
"A request to revise must identify the portion of the pleading to which it is directed, the requested revision with reasons therefor, followed by sufficient space in which the palty to whom the request is directed can insert an objection and reasons therefor." (Internal quotation marks omitted.) Melfi v.City of Danbury, Superior Court, judicial district of Danbury, Docket No. 311564 (April 30, 1996, Stodolink, J.); Practice Book § 148. "The request shall be deemed . . . granted unless the opposing party objects within thirty days." Internal quotation marks omitted.) Melfi v. City of Danbury, supra, see Practice Book § 149. Because the plaintiff has objected to the defendant's request to revise, the court is required to rule on the objection.[2] Practice Book § 149.
Count Three.
The defendant seeks to delete the entire third count of the plaintiff's complaint on the ground that "it is improper, unnecessary and pleads a legal conclusion, not a plain and concise statement of material fact." According to the defendant, "[t]he plaintiff's Third Count in no way sets forth a separate cause of action, nor does it plead any new theory" apart from count one, which alleges negligence. The defendant contends that the plaintiff "has done nothing more than pleaded a legal conclusion on duty, which is part of any negligence claim." The plaintiff asserts that count three alleges breach of fiduciary duty.[3]
"A request to revise by deletion is permitted under Practice CT Page 2121 Book § 147(2)." Calnan v. Autuori, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518570 (October 16, 1996, Aurigemma, J.). "Any party may file a request to revise in order to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading." (Internal quotation marks omitted.) Tata v. Morgan, Superior Court, judicial district of Waterbury, Docket No. 119215 (May 4, 1994, Sylvester, J.); Practice Book § 147(2). "The request to revise by deletion is derived from the `motion to expunge.'"Calnan v. Autuori, supra. The court sustains the plaintiff's objection to the defendant's request to revise count three. Count three is not an "unnecessary" or "improper" allegation as it sets forth a cause of action for breach of a fiduciary duty. Breach of a fiduciary duty is a recognized cause of action in Connecticut. See, e.g., Dunham v. Dunham, 204 Conn. 303, 320, 528 A.2d 1123
(1987), overruled on other grounds, Santopietro v. New Haven,239 Conn. 207, 213 n. 8 682 A.2d 106 (1996).
Count Four.
The defendant requests that count four be deleted in its entirety "on the grounds that it does not set forth a separate cause of action, but rather is a mere incorporation of the First Count's claim for negligence with the unsupported, bald assertion of fraud." Count four alleges fraudulent concealment under General Statutes § 52-595.[4] The plaintiff asserts that it has set forth a claim for fraudulent concealment as defined by General Statutes § 52-595.
The plaintiff's objection to the defendant's request to revise count four is sustained. The plaintiff has alleged a cause of action for fraudulent concealment pursuant to General Statutes § 52-595. The defendant does not seek to have the plaintiff make a "more complete or particular statement of the allegations" pursuant to Practice Book § 147(1) but instead seeks todelete the entire count based on insufficiency of the pleading. This is an improper use of a request to revise. See Royce v.Westport, supra, 183 Conn. 180; Tata v. Morgan, supra.
Count Five.
The defendant in its request to revise seeks to delete count five in its entirety "for the reason that Connecticut General Statutes, Section 52-592, the so-called `Accidental Failure of CT Page 2122 Suit' statute, is a procedural device that tolls the statute of limitations for a cause of action in certain limited instances, and does not in and of itself confer additional substantive rights." The plaintiff objects to the request asserting that she is merely complying with the "statutory/jurisdictional requirements" of General Statute § 52-592.[5]
The plaintiff's objection to the defendant's request to revise count five is overruled. Pursuant to Practice Book § 147(2), the court deletes count five because it is an "unnecessary" allegation in the plaintiff's complaint. See RossRealty Corporation v. Surkis, 163 Conn. 388, 392, 311 A.2d 74
(1972) (holding General Statutes § 52-592 "need not be pleaded in the complaint but only in response to [the Statute of Limitations] . . . defense properly raised").
Prayer for Relief.
The plaintiff in its prayer for relief claims exemplary or punitive damages, as well as interest, costs, and reasonable attorney's fees.[6] The defendant seeks to have the plaintiff specify as to which count the plaintiff is seeking such relief so that it may later challenge such claims by the appropriate motions.[7] The plaintiff asserts that attorney's fees and punitive damages may be awarded under CUTPA. The plaintiff contends as to costs and interest whether they will be awarded must await until the resolution of this action and could apply to any and all of the plaintiff's claims.
Pursuant to Practice Book § 147(1), a request to revise may be used to obtain "a more complete or particular statement of the allegations of an adverse party's pleading." Practice Book § 147(1). "It is proper for the defendant to use a request to revise to set up the complaint for a motion to strike."Marshall v. Bessemer Trust Co., Superior Court, judicial district of Litchfield, Docket No. 65718 (April 18, 1995, Pickett, J.); see Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073 (1988). The court overrules the plaintiff's "objection" with respect to the defendant's request to specify which count the plaintiff is seeking attorney's fees and punitive damages. Pursuant to Practice Book § 149, the plaintiff is required to object to the request to revise or it is automatically granted. See Practice Book § 149. The plaintiff did not "object" to the request to revise but merely conceded that the attorney's fees and punitive damages may be awarded under CUTPA. CT Page 2123
The court sustains the plaintiff's objection to the defendant's request to revise with respect to interest and costs. Pursuant to Practice Book § 140, "[i]nterest and costs need not be specially claimed in the demand for relief, in order to recover them." Practice Book § 140. If interest and costs need not be specially pleaded pursuant to Practice Book § 140, then the court will not require them to be specifically
pleaded.
Stodolink, J.