[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Colonial Insurance Agency, Inc., brought this action against the defendants, Ralph and Linda Sandolo, pursuant to General Statutes § 52-592, the accidental failure of suit statute. The plaintiff alleges that the defendants breached their contract to pay insurance premiums. In paragraph 10 of the complaint, the plaintiff alleges that "this complaint is brought pursuant to C.G.S. § 52-592 as a matter in avoidance of any statute of limitations and that the original action was timely brought under any operable statute of limitations."
The defendants move to dismiss the complaint on the ground that the court lacks subject matter jurisdiction. Specifically, the defendants assert that "the plaintiff's bold assertion that it is bringing this action under [§ 52-592] (accidental failure of suit) without alleging facts sufficient to show that the right of action has been brought as required by statute deprives the Court of subject matter jurisdiction." The plaintiff objects to the defendants' motion to dismiss arguing that "the courts have never required plaintiffs using the accidental failure of suit [statute] to make additional allegations beyond the original suit as proposed by the defendants in this motion."
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court" (Emphasis in original; internal quotation marks omitted.) Guliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); see Practice Book § 10-30 (formerly § 142). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995); see Practice Book § 10-31(a)(1) (formerly § 143(a)(1)).
The defendants argue that the plaintiff must set forth specific factual allegations "beyond the original suit" in order to bring this action under the accidental failure of suit statute. However, the Supreme Court has never held that a plaintiff bringing an action pursuant to General Statutes § 52-592 must allege such additional specific facts. "While it has been suggested that it might be desirable for the plaintiff to CT Page 3567 plead sufficient facts necessary to bring the matter within the purview of 52-592, either by anticipation in the complaint or in reply to a defense of the Statute of Limitations in order that the defendant might, if he chose, plead to them, this court has never held this to be a requirement." Ross Realty Corp. v. Sukis,163 Conn. 388, 392, 311 A.2d 74 (1972).
The Supreme Court held that "it would make little sense to construe procedural rules and statutes strictly. . . . This is especially true when dealing with a remedial statute such as52-592, which is to be `liberally construed.'" Lacasse v. Burns,214 Conn. 464, 471, 572 A.2d 357 (1990) (citing Ross Realty Corp.v. Sukis, supra, 163 Conn. 393). General Statutes § 52-592 "is available to plaintiffs who have suffered dismissal, pursuant to [Practice Book §] 215 [(now Practice Book § 14-3)], for lack of reasonable diligence in the prosecution of their actions." Id., 473.
Since there is no requirement that a plaintiff allege additional facts to bring an actions under General Statutes § 52-592, the defendants motion to dismiss is hereby denied and the plaintiff's objection thereto is sustained. Furthermore, it should be noted that the plaintiff has filed a request for leave to amend the complaint, alleging the additional facts, though not required to do so. This court grants the plaintiff's request for leave to amend the complaint.
D'ANDREA, J.