[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO DISMISS
 I. FACTS
The plaintiff, Max Henriquez, filed a timely complaint alleging motor vehicle negligence against the defendant, Jose F. Allegre, in January, 1997. The complaint was dismissed for failure to prosecute with reasonable diligence in June, 1998. The present complaint, filed on August 15, 2000, and served upon the defendant on July 21, 2000, is brought pursuant to General Statutes § 52-592. The plaintiff alleges that he first received court issued notice of the dismissal of the former complaint on July 26, 1999. The defendant argues that the original action was dismissed on June 19, 1998. The defendant moves to dismiss the present complaint on the grounds that the complaint was not filed within one year of the dismissal of the first complaint as required by §52-592 and that the action is not properly brought pursuant to §52-592.
 II. STANDARD OF REVIEW
"A motion to dismiss essentially asserts that, as a matter of law and CT Page 15450 fact, the plaintiff cannot state a cause of action that is properly before the court." Castagno v. Wholean, 239 Conn. 336, 338 n. 2,684 A.2d 1181 (1996). The motion admits all well pleaded facts. Barde v.Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "[T]he defense of the Statute of Limitation must be specially pleaded and cannot be raised by a [motion to dismiss]." Ross Realty Corp. v. Surkis,163 Conn. 388, 391, 311 A.2d 74 (1972).
 III. DISCUSSION
General Statutes § 52-592(a)[1], a savings statute, "allows a plaintiff to bring an action that otherwise would be barred by an applicable statute of limitations, within one year after the determination of a prior action, if the `original action' has failed to be tried on the merits for any of several reasons enumerated in the statute, and if the original action was for the same cause as the later action." PeabodyN.E., Inc. v. Dept. of Transportation, 250 Conn. 105, 106-07, 735 A.2d 782
(1999). "To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a "matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Ruddock v. Burrowes,243 Conn. 569, 567-77, 706, A.2d 967 (1998). A plaintiff may bring an action under § 52-592 when the dismissal of the initial action was for failure to prosecute, if the reasons for the failure are mistake, inadvertence or excusable neglect.[2] See Id., 577; Lacasse v. Burns,214 Conn. 464, 473, 572 A.2d 357 (1990). The plaintiff asserts that the reason for his failure to prosecute was that, due to a substitution of attorneys, the plaintiff did not receive notice that the action was placed on the dormancy calendar and was subject to dismissal. The court finds that the reason for the failure was mistake and the plaintiff may avail himself of the savings statute.
"Preliminarily, it is important to note that, as a formal matter, a motion to dismiss may not be the proper procedural vehicle for asserting that an action is not saved by section 52-592. The savings statute is essentially an extension of, and by implication a response to, a statute of limitations defense. . . . The presence of a statute of limitations defense does not deprive a court of subject matter jurisdiction, therefore [s]uch a defense ordinarily is raised either by a motion to strike or by a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) Armenis v. Brennan, Dichter, Brennan Comerford, Superior court, judicial district of Fairfield at Bridgeport, Docket No. 333713 (February 13, 1997, Maiocco, J.); see Ross RealtyCorp. v. Surkis, supra, 163 Conn. 393. CT Page 15451
The Superior Courts are split on whether to consider a motion to dismiss based on the limitation of § 52-592. There are three different avenues that the courts have taken: (1) The motion to dismiss is ruled on without consideration of its impropriety; see, e.g., Welshv. Cummings Lockwood, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462437 (October 17, 1994, Holzberg,J.); Jonas v. Unsmoke Services, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 388354 (June 6, 1991,Maloney, J.); (2) the motion is denied because of its impropriety; see, e.g., Restrepo v. Larson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 344368 (February 9, 1989,Aronson, J.) (4 C.S.C.R. 232); Wilson v. G. Fox Co., Superior Court, judicial district of Hartford-New Britain at Hartford (February 9, 1989,Aronson, J.); see also Ross Realty Corp. v. Surkis, supra, 163 Conn. 393; and (3) the ruling on the motion is dependent on an objection to its impropriety from the plaintiff; see, e.g., Lind-Larsen v. Fleet NationalBank Superior Court, judicial district of Danbury, Docket No. 327962 (October 30, 1997, Stodolink, J.) (motion to dismiss denied because plaintiff objected to it use); Chipley Associates, Ltd. v. Holmes, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 155857 (June 16, 1997, Mintz, J.) (19 Conn.L.Rptr. 633) (after no objection from plaintiff, motion to dismiss granted based on its merits); Armenis v. Brennan, Dichter, Brennan Comerford, supra, Superior Court, Docket No. 333713 (after no objection from plaintiff, motion to dismiss denied based on its merits); Biro v. Sidley Austin, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149415 (October 1, 1996, Tobin, J.) (17 Conn.L.Rptr. 629) (motion to dismiss considered on its merits); Lovett v. Frankel, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 503526 (January 6, 1992, Schaller, J.) (motion to dismiss granted after no objection).
The court finds that the third approach, the majority view, is the most effective and efficient means of dealing with a motion to dismiss under the facts of the present case. The plaintiff has not objected to the use of the motion to dismiss; rather his objection is based on the merits. It is submitted that the likely outcome of the denial of the motion to dismiss for its procedural deficiency would be a subsequent filing of a motion to strike based upon similar grounds. Given the absence of objection from the opposing party, deciding the motion based on the merits would obviate the need for redundant motions and arguments. Moreover, the Supreme Court, despite a vigorous dissent arguing that a motion to strike is the proper motion in these cases, held that a trial court properly considered a motion to dismiss based on the statute of limitations under § 52-592 when the plaintiff did not object to the CT Page 15452 motion to dismiss as the proper procedural vehicle. Capers v. Lee,239 Conn. 265, 269 n. 9, 684 A.2d 696 (1996). Therefore, because the plaintiff here did not object to the use of a motion to dismiss, the court should decide the motion based upon the merits.
The issue, therefore, is the determination of when the one-year limitation provided by General Statutes § 52-592 begins to run. The public record shows that notice of the dismissal of the initial matter was issued by the court on June 19, 1998.[3] The plaintiff alleges that he received actual notice of the dismissal on July 26, 1999.
Courts have held that the period begins when the notice of dismissal is actually issued by the court. Morales v. Medina, Superior Court, judicial district of Hartford, Docket No. 590718 (November 3, 1999, Beach, J.). "It is axiomatic that the right to bring a new action under § 52-593
assumes that the party who is to exercise the right be given the opportunity to know that the original action has been terminated." Russellv. Thomas O'Connor Co., 42 Conn. App. 345, 347-48, 679 A.2d 420 (1996) (court held that under General Statutes § 52-593, the § 52-592
sister statute, the one year period begins when the notice is issued that the original action is terminated). But see DiSimone v. Vitello,6 Conn. App. 390, 393, 505 A.2d 745 (1986) (denying the defendant's motion to set aside the default pursuant to former Practice Book § 354 because the motion was filed more than four months after actual notice was received, three and one-half years after notice was issued by the court and nine months after notice was sent by opposing counsel). Accordingly, the court finds that the Superior Court decisions concerning administrative appeals cited by the plaintiff are inapposite. SeeMillward Brown, Inc. v. Commissioner of Revenue Services, Superior Court, judicial district of New Britain, Docket No. 0492472 (February 2, 1999, Aronson, J.) (appeal period under General Statutes § 12-237
began to run from receipt of notice); Security Connecticut Life Ins. Co.v. Bajorski, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387879 (June 26, 1991, Wagner, J.) (same).
The present action was commenced for purposes of the statute of limitations on July 21, 2000, the date of service of process. Hillman v.Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991). The motion to dismiss is granted because the one-year limitation period of § 52-592, beginning on June 19, 1998, expired over one year before the plaintiff commenced the present action.
 IV. CONCLUSION
For the foregoing reasons, the motion to dismiss is granted. It is so ordered. CT Page 15453
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT