[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE #101
The plaintiffs, Richard Crawford and Ana Harris, filed a-four complaint against the defendants, Greater Bridgeport Transit (GBT), Francine Bonet, and James Spataro seeking damages for personal injuries they allegedly sustained in a motor vehicle accident.
The plaintiffs allege that they were passengers on a bus owned by GBT and operated by Bonet, an employee of GBT. The bus was involved in a motor vehicle accident with a car operated by James Spataro. The plaintiffs assert negligence claims against GBT in the first count and Bonet in the third count.[1] GBT and Bonet filed a motion to strike the counts against them claiming that the complaint is legally insufficient because the plaintiffs' claims are barred by the applicable statute of limitations, General Statutes § 52-577[2], and are not saved by CT Page 6760 General Statutes § 52-592, the accidental failure of suit statute.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The defendants' motion to strike is procedurally incorrect because "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike."Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993); see also Practice Book § 10-50.[3] Therefore, the defendant should raise the statute of limitations as a defense in their answer, to which the plaintiffs may respond by pleading § 52-592. See Ross Realty v.Surkis, 163 Conn. 388, 392, 311 A.2d 74 (1972) (holding that the plaintiff need not allege proper avoidance of the statute of limitations in a specific action unless it is first raised as a defense.)
Moreover, in order to determine whether the plaintiffs claims can rely on § 52-592 to save their claims the court must consider facts outside the pleadings because the plaintiffs do not allege any facts relating thereto. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint; . . . [and] cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Lilijedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). Accordingly, when a defendant's motion to strike is dependant on facts not alleged in the complaint, it should be denied. Polesak v.Medical Laboratory Service, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339545 (July 17, 1997, Skolnick, J.)
GBT and Bonet further contend that the plaintiffs have not alleged sufficient facts to allow them to claim the protection of § 52-592. The plaintiffs counter that GBT fails to provide authority for its contention that they are required to allege such facts. General Statutes § 52-592 (a) states, in pertinent part, "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits . . . because the action has been dismissed for want of CT Page 6761 jurisdiction, or the action has been otherwise avoided or defeated . . . for any matter of form. . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ."
The plaintiffs clearly state in the first paragraph of each count of the complaint that the action is brought pursuant to § 52-592 (a). The defendants argue that this is insufficient as a matter of law, and that the plaintiffs must allege facts to demonstrate why the first cause of action was dismissed in order to obtain the protection afforded by § 52-592 (a). The defendants argument is contrary to Connecticut case law.
"While it has been suggested that it might be desirable for the plaintiff to plead sufficient facts necessary to bring the matter within the purview of § 52-592, either by anticipation in the complaint or in the reply to a defense of the Statute of Limitations in order that the defendant might, if he chose, plead to them, [the Connecticut Supreme Court] has never held this to be a requirement. . . . It has been and is the holding of [the Connecticut Supreme Court] that matters in avoidance of the Statute of Limitations need not be pleaded in the complaint, but only in response to a defense properly raised." (Citation omitted.) RossRealty Corp. v. Surkis, supra., 163 Conn. 392. Plaintiffs "are not required to plead facts in anticipation of the defense of the statute of limitations." Forbes v. Ballaro, supra., 31 Conn. App. 241, n. 9.
For the reasons stated above, the defendants' motion to strike is denied.
 ___________________ GALLAGHER, J.