PERRYS, INC. *v.* WATERBURY REDEVELOPMENT AGENCY ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 4—decided October 29, 1968

*William J. Larkin 2d,* for the appellant (plaintiff).

*Alfred L. Finkelstein,* with whom, on the brief, was *Francis M. McDonald,* for the appellee (named defendant).

HOUSE, J. This appeal is from a judgment of the Superior Court, and the sole error assigned is the granting of the motion by the named defendant to erase the case from the docket. Our rules of practice clearly distinguish between pleas in abatement and motions to erase.[1] "A motion to erase the case from the docket will be granted only when it clearly ap-

---

[1] "[Practice Book] Sec. 93. —PLEA IN ABATEMENT Matters in abatement of an action may be raised by plea in abatement. Where the ground of abatement is want of jurisdiction and facts are relied upon which do not appear in the record, a plea in abatement shall be used rather than a motion to erase.

"Sec. 94. —MOTION TO ERASE Where want of jurisdiction appears on the record, the defect should be raised by a motion to erase from the docket. Thus where the nature of the action or amount in demand shows that the court has no jurisdiction, or where the officer's return shows invalid service, and the like, a motion to erase shall be used."

pears on the face of the record that the court is without jurisdiction. *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648, 109 A.2d 260; *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443, 143 A. 568. A motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 144, 90 A.2d 884." *Brown* v. *Cato,* 147 Conn. 418, 419, 162 A.2d 175. Every presumption which favors the jurisdiction of the court should be indulged; *Fairfield Lumber & Supply Co.* v. *Herman,* supra; and, if facts which do not appear in the record are relied upon, the attack must be by plea in abatement. *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711; see also *Park Construction Co.* v. *Knapp,* 150 Conn. 588, 591, 192 A.2d 635; *Smith* v. *Smith,* 150 Conn. 15, 23, 183 A.2d 848; *Village Creek Homeowners Assn., Inc.* v. *Public Utilities Commission,* 148 Conn. 336, 340, 170 A.2d 732; *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81.

The defendant's motion was directed to the complaint as a whole, without attacking the individual counts. The only facts appearing of record in the present case, prior to the filing of the motion to erase, are those appearing in the plaintiff's writ, summons and complaint, including six exhibits incorporated therein by reference, and an answer to the complaint filed by Sherman H. Perry, the individual defendant. In the first count, it is alleged that Perry has been the owner of premises in Waterbury on which the plaintiff, as his lessee, has been conducting a laundry and dry cleaning business; that the defendant redevelopment agency has condemned the premises; that the plaintiff and Perry have appealed to the Superior Court for a review of the compensa-

tion offered by the agency; and that the agency has failed and refused to compensate the plaintiff for damage and loss to its personal property, to improvements made to the leasehold owned by the plaintiff, for loss of good will, and for damages caused by the termination of its lease.

The second count repeats the allegations of the first count, except for those alleging the failure and refusal of the defendant agency to compensate the plaintiff, and then alleges that Perry has breached his lease to the plaintiff and thereby caused it damage.

In its motion to erase the case from the docket, the defendant agency alleges that it acquired the property by eminent domain pursuant to §§ 8-124 through 8-133 of the General Statutes, that those statutes provide the exclusive remedy for the determination and recovery of any damages sustained by the plaintiff as lessee, and that the plaintiff cannot maintain the present action for the determination and recovery of any such damages. Had the agency proceeded by plea in abatement instead of by motion to erase, the plaintiff would have been required to file a responsive pleading, and the parties would have been at issue on the allegations of the plea. Practice Book § 95. No responsive pleading to the motion to erase being required (Practice Book § 95) and none having been filed, the allegations contained in the motion have been neither admitted nor denied, and, for the purposes of determining the merits of the motion, they serve no purpose except as they may serve to clarify the burden of the motion that, even if the allegations of the complaint are true, the court is without jurisdiction.

As we have noted, the second count of the complaint seeks damages from the defendant Perry,

alleging that he "has breached said lease with the plaintiff, and as a consequence, the plaintiff has suffered damages . . . ." Perry has filed an answer and has expressly denied that he breached the lease. The plaintiff and Perry, accordingly, are at issue on these pleadings.

The record discloses no reason whatsoever why the court lacked jurisdiction to hear and determine the cause of action alleged in the second count, nor, indeed, does the agency's brief suggest any. It was, accordingly, error to erase the case from the docket.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase the case from the docket.

In this opinion the other judges concurred.