[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of the discharge of the plaintiff, Paul Maresca (hereafter "Maresca"), by the defendant, the Town of Ridgefield (hereafter "Town"). Maresca was a data center manager who was allegedly hired pursuant to written and verbal assurances that his employment would not be terminated except for just cause and after undergoing the review and evaluation policies as set forth in the Town's personnel policy manual. On January 11, 1993, the Town filed a motion to dismiss, arguing that "the trial court does not have subject matter jurisdiction over the instant action because the plaintiff has failed to exhaust his administrative remedies;" namely, a charter provision providing for an appeal to the Board of Selectmen which reviews an employee's termination by the first selectman. In response, Maresca asserts (1) that the remedy provided in the CT Page 5314-j Town Charter is not the exclusive remedy; and (2) that the remedy provided is inadequate and futile because the plaintiff cannot recover money damages, but can merely gain reinstatement, a remedy which he does ask.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book, Sec. 142. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Practice Book, Sec. 143. Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687. "The motion to dismiss . . . `. . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.' Perrys, Inc. v. Waterbury Redevelopment Agency,157 Conn. 122, 124. . . ." Barde v. Board of Trustees, 207 Conn. 59,62. The complaint is construed most favorably to the plaintiff, and is to be tested by the facts alleged, not the legal conclusions. American Laundry Machinery, Inc. v. Stateof Connecticut, 190 Conn. 212, 217; Weinstein v. Mutual TrustLife Ins. Co., 116 Conn. 654, 659. Where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issues and need not conclusively presume the validity of the allegations in the complaint.Garden Mutual Benefit Assn. v. Levy, 37 Conn. Sup. 790, 791;Barde v. Board of Trustees, supra, 63.
The Town's posture in this case is that the complaint should be dismissed because Maresca failed to exhaust the remedy provided by section 8-4 of the Charter of the Town of Ridgefield which reads:
 The First Selectman shall appoint, with the approval of the Board of Selectmen, and in accordance with such provisions of the General Statutes, such administrative officers as are assigned to the First Selectman for appointment, and such other assistants or employees as may be required, subject to such rules and regulations as may be adopted pursuant to the provisions of Article IX of this Charter. Such appointees may be removed by the First Selectman. Such action may be CT Page 5314-k appealed to the Board of Selectmen which will hold a hearing within thirty (30) days.
(Emphasis supplied.) In the four-count complaint, Maresca, admittedly a municipal employee hired by the Town, claims that he was terminated without just cause. As a result, while section 8-4 of the Town Charter, which states that an employee may appeal to the Board of Selectmen, may not frame an appeal to the Board of Selectmen as mandatory, Maresca "demanded that his termination ne [sic] reviewed by the Board of Selectman [sic] which agreed to determine said termination and acknowledged that there was a `just cause' termination standard."[1] Therefore, because he demanded a review of his termination by the Board of Selectmen, it necessarily follows that he was required to exhaust this remedy prior to commencing an action in the Superior Court.
Nevertheless, Maresca, in his memorandum of law, argues that the remedy provided by the Town Charter "is not only futile, but inadequate as a remedy for breach of contract" because "[t]here is no authority for the Board of Selectmen to award money damages for breach of contract to an employee." However, according to General Statutes, Sec.7-12, entitled "Duties of selectmen," the board "shall superintend the concerns of the town, adjust and settle allclaims against it and draw orders on the treasurer for theirpayment." It is most significant to recognize that, although he argues that the Board of Selectmen is powerless to award money damages, he neither cited controlling authority, nor submitted documentary evidence in support of this argument. In view of this deficit, and the statutory authority conferred upon it, the Board of Selectmen clearly has the authority to adjust and settle all claims of necessity, which includes the ability to draw orders on the town treasurer for payment of such claims. This court is satisfied that the remedy provided in the Town Charter, and demanded by Maresca, is indeed an adequate remedy which must be pursued and exhausted prior to commencing an action in this court. Accordingly, it follows that the complaint cannot survive the motion to dismiss as a result of Marseca's failure to exhaust his adequate and readily available remedies.
For purposes of discussion, it should be noted that among the exceptions to the doctrine of exhaustion is where CT Page 5314-l recourse to the remedy would be futile or inadequate or wherethere is a constitutional challenge to the propriety of theprocedures followed. LaCroix v. Board of Education,199 Conn. 70, 79"; Pet v. Department of Health Services,207 Conn. 346, 353. (Emphasis supplied.) In the fourth count of the complaint, Maresca attacks the procedures followed by the Board in the present case, arguing that said procedures violated procedural due process. However, his brief in opposition to the motion to dismiss only addresses two issues: (1) that the appeal procedure is inadequate and futile because the Board has no authority to award damages; and (2) that the appeal procedure is not the exclusive remedy. Although raised in the complaint, issues which are not briefed are considered abandoned. State v. Ramsundar,204 Conn. 4, 16; DeMilo v. West Haven, 189 Conn. 671, 681-82
n. 8. Therefore, since the constitutional challenge to the procedures followed by the Board as a basis for subject matter jurisdiction has been abandoned as a matter of law, the court will not address it beyond that premise.
The motion to dismiss is, accordingly, granted.
Moraghan, J.