[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiffs allege in their complaint that they delivered goods and services to the defendants in 1985 and were never paid by the defendants. The defendants, after having filed a number of requests to revise, now file a Motion to Dismiss, on the grounds that the plaintiffs' lack standing to bring the action at all, a matter implicating the subject matter jurisdiction of the court and thus, argue the defendants, able to be raised at any time. Despite the allegation in the complaint implicitly claiming that the plaintiffs own this cause of action because they were the ones who delivered the goods and services and were never paid, the defendants claim that this action based on an account receivable really ought to be the property of the trustee of the plaintiffs' bankruptcy estate, an estate opened in May of 1990 when both plaintiffs filed for federal bankruptcy protection.
It is worth noting that the defendants have not denied the plaintiffs' allegation or interposed a special defense denying any debt owed to these plaintiffs, as a way of contesting the plaintiffs [plaintiffs'] right to collect money from the defendants. Rather the defendants have constructed this as a jurisdictional argument and at this late stage — the action was filed in October 1991 — filed a motion to dismiss.
Although the defendants have constructed this as a standing issue, the real issue, if money is, in fact, owed, is — to whom is it owed. The plaintiffs assert that money is owed to them, although at oral argument they admit that they filed for bankruptcy. Ordinarily, a motion to dismiss invokes the existence of the record and should be decided on that alone. Perry's Inc. v. Waterbury Redevelopment Agency, 157 Conn. 122,124 (1968). Although a court may, in an appropriate case, consider other facts in determining such a motion, see, e.g., Barde v. Board of Trustees of Regional Community Colleges,207 Conn. 59 (1988), such a procedure should not substitute for the proper pleading and development of issues by the parties. For instance, it may be that once the pleadings are closed, a motion CT Page 1056 for summary judgment will dispose of this matter if the plaintiffs, as a matter of law, are shown not to be entitled to collect this debt.
The Motion to Dismiss is denied.
PATTY JENKINS PITTMAN, JUDGE