[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #121
The plaintiff, Dorothy Migliore, alleges that on January 28, 1991, she slipped and fell on ice while on premises controlled by the defendant, Merritt Medical Center Owners' Corporation. The plaintiff originally filed suit on November 22, 1991, when a sheriff served a writ of summons and complaint upon a person whom he believed was in charge of the office of the defendant corporation. (Affidavit of Raymond Ganim, ¶ 4.) The defendant was subsequently defaulted for failure to appear, and judgment entered in favor of the plaintiff on September 18, 1992. (Affidavit of Raymond Ganim, ¶ 6.) On June 1, 1993, after the defendant filed an appearance, the court, Fuller, J., opened the default judgment. On June 14, 1993, the defendant filed a motion to dismiss for lack of personal jurisdiction based on insufficient service of process. (Affidavit of Raymond Ganim, ¶ 8.) On October 26, 1993, the original action was dismissed by the court, Fuller, J., on the ground that the plaintiff failed to properly serve the defendant in accordance with General Statutes § 52-57(c).
The plaintiff commenced the present action on October 28, 1993. In an amended complaint, filed on December 6, 1993, the plaintiff alleges that the present action was brought pursuant to the accidental failure of suit statute, General Statutes § 52-592, because her original action had been dismissed on the ground of insufficient service of process.
On January 5, 1994, the defendant moved for summary judgment (#107) on the ground that the plaintiff's claim was time barred by the statute of limitations. On May 5, 1994, the court, Pittman, J., denied the motion on the ground that the defendant failed to CT Page 502 raise the statute of limitations in a special defense. On May 17, 1994, the defendant filed an answer and a statute of limitations special defense. On May 24, 1994, the plaintiff filed a reply and asserted General Statutes § 52-592 in response to the defendant's statute of limitations defense.
On November 10, 1994, the defendant filed a motion for summary (#121) The defendant moves for summary judgment on the ground that the plaintiff's claim is barred by the statute of limitations, General Statutes § 52-584. The defendant also contends that although service of the original complaint was timely, it was improper, and therefore, no original action was ever commenced within the two year statute of limitations period. Thus, the defendant argues that since there is no original action to be saved, the plaintiff cannot use § 52-592 to commence the present action. The plaintiff has filed a memorandum of law in opposition, along with affidavits and other documentary evidence.
Practice Book § 384 provides that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. A material fact is one that will make a difference in the outcome of a case. Yanow v. TealIndustries Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). In ruling on a motion for summary judgment, the court must view the facts presented in the light most favorable to the non-moving party. Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 105.
The applicable statute of limitations, General Statutes § 52-584, provides in pertinent part that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . ." In the present case, the plaintiff alleges that she was injured on January 28, 1991. Clearly the present action was commenced beyond the statute of limitations, because it was commenced approximately two years and nine months after the plaintiff allegedly sustained her injuries. Unless the plaintiff can avail herself of the accidental failure of suit statute, General Statutes § 52-592, her negligence claim will be barred by the statute of limitations.
Section 52-592(a) provides in pertinent part that: CT Page 503
 If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
This statute was enacted to avoid the hardships arising from an unbending enforcement of the statute of limitations. Ross RealtyCorporation v. Surkis, 163 Conn. 388, 392, 311 A.2d 74 (1972). Section 52-592 "is a remedial statute and is to be interpreted liberally." Isaac v. Mount Sinai Hospital, 210 Conn. 721, 728,557 A.2d 116 (1989).
The defendant's argument is misplaced, as such an interpretation of § 52-592(a) "would completely do away with the statute in all cases involving timely but otherwise improper service of process." Pomfret School v. Executone Comm., Inc., Superior Court, judicial district of Hartford/New Britain at Hartford (July 20, 1992, Aurigemma, J.). Section 52-592(a) expressly "permits the filing of a new action within one year of the dismissal of the original action for insufficient service if the original action was timely filed." Pintavalle v. Valkanos,216 Conn. 412, 414, 581 A.2d 1050 (1990). See also Richards v. Colvin,4 CSCR 799 (September 19, 1989, Hennessey, J.); O'Connor v. Storm,3 CSCR 349 (May 9, 1988, Nash, J.).
In the present case, the plaintiff's original action was timely filed within the limitations period provided by § 52-584. The original action was subsequently dismissed for insufficient service of process. The plaintiff then commenced the present action pursuant to § 52-592, well within one year of the dismissal of the original action. Thus, the plaintiff's present action was both properly and timely commenced pursuant to § 52-592. Accordingly, the court denies the defendant's motion for summary judgment.
COCCO, JUDGE CT Page 504
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 504-J