[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Eastern Plastics, Inc., filed a complaint on June 21, 1995, pursuant to the Accidental Failure of Suit Statute, General Statutes § 52-592,[1] alleging in a single count that the defendant, New England Oven Furnace Company, Inc., is liable under the Product Liability Act, General Statutes § 52-572m, for selling the plaintiff a defective and unreasonably dangerous oven. According to the complaint, on September 28, 1987, while the plaintiff was putting the oven to its intended use, a fire erupted from the oven, causing the plaintiff serious financial losses. The plaintiff supports its product liability claim with allegations of negligence, breach of express and implied warranties, recklessness, misrepresentation, and failure to discharge a duty to warn and
On August 3, 1995, the defendant timely filed a motion to dismiss the plaintiff's complaint on the ground that the plaintiff's action does not meet the requirements of the Accidental Failure of Suit Statute, General Statutes § 52-592, because the plaintiff's original action was never commenced within the time limited by law. The basis for this assertion is that, because the plaintiff's original action was dismissed for insufficiency of service of process, that action was never "commenced" within the meaning of General Statutes § 52-592.[2]
In support of its motion, the defendant filed a memorandum of law pursuant to Practice Book § 143, a copy of the order dismissing the plaintiff's original complaint (Defendant's Exhibit A), and a copy of its motion to dismiss the plaintiff's original complaint (Defendant's Exhibit B). The plaintiff timely filed a memorandum of law in opposition to the defendant's motion. The defendant thereafter filed a second memorandum of law in reply to the plaintiff's opposition memorandum.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record, and must be decided upon that CT Page 12243 alone." Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988), citing Perry's, Inc. v. Waterbury Redevelopment Agency,157 Conn. 122, 124, 249 A.2d 256 (1968).
"When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations in the complaint in their most favorable light." Antinerella v. Rioux,229 Conn. 479, 489, 642 A.2d 699 (1994), citing Reynolds v. Soffer,183 Conn. 67, 68, 438 A.2d 1163 (1981). Additionally, in ruling on a motion to dismiss, "every presumption should be indulged in favor of jurisdiction." Ambroise v. William Raveis Real Estate, Inc.,226 Conn. 757, 765, 628 A.2d 1303 (1993). Finally, "[t]he general rule put[s] the burden of proof on the defendant as to jurisdictional issues" unless jurisdiction is based on constructive service.Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503
(1983).
General Statutes § 52-592, the Accidental Failure of Suit Statute, provides, in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action." Id. This statute was enacted to avoid the hardships arising from an unbending enforcement of the statute of limitations. Ross RealtyCorp. v. Surkis, 163 Conn. 388, 392, 311 A.2d 74 (1972). Furthermore, Section 52-592 "is remedial and is to be liberally interpreted." (Internal quotation marks omitted.) Isaac v. MountSinai Hospital, 210 Conn. 721, 728, 557 A.2d 116 (1989), citingRoss Realty Corp. v. Surkis, 163 Conn. 388, 393, 311 A.2d 74
(1972).
The defendant argues in its memoranda in support of its motion to dismiss that, since the plaintiff's original cause of action was dismissed for insufficient service of process for failing to properly serve the defendant, the original action was never actually "commenced", and indeed never existed, within the meaning of § 52-592. The defendant points out that, in Connecticut, an action is "commenced" only at such time as the defendant is served. Thus, the defendant reasons that since it was never properly served in the original action, no action was ever actually "commenced", and the plaintiff may therefore not avail itself of the Accidental CT Page 12244 Failure of Suit Statute.
While it is true that in Connecticut an action is "commenced" at such time as the defendant is served; Balboa Insurance Co. v.Zaleski, 12 Conn. App. 529, 533, 532 A.2d 983 (1987), cert. denied,206 Conn. 802 535 A.2d 1316 (1988); the defendant's argument is misplaced when viewed in the context of General Statutes § 52-592. Connecticut courts have rejected this argument, holding that such an interpretation of § 52-592 "would completely do away with the statute in all cases involving timely but otherwise improper service of process." Migliore v. Merritt Medical Center Owners'Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308957, 13 Conn. L. Rptr. 387, 388 (Jan. 26, 1995) (Cocco, J.), citing Pomfret School v. Executone Comm. Inc.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 391978 7 Conn. L. Rptr 108 (July 20, 1992) (Aurigemma, J.).
Section 52-592 "expressly provides that one of the causes of a failure of suit that its provisions are designed to address is a failure when the action has been dismissed for want of jurisdiction . . . . [The statute] anticipates that dismissals for lack of jurisdiction are covered by its provisions[.]" (Internal quotation marks omitted.) Pintavalle v. Valkanos, 216 Conn. 412, 418,581 A.2d 1050 (1990). Thus, courts have consistently held that General Statutes "52-592(a) permits the filing of a new action within one year of the dismissal of the original action for insufficient service if the original action was timely filed." Id., 414. See also Migliore v. Merritt Medical Center Owners' Corp., supra;Pomfret School v. Executone Comm. Inc., supra; Nelson v. The Stop Shop Co. Inc., Superior Court, judicial district of New Haven, Docket No. 307467, 6 Conn. L. Rptr 410 (May 7, 1992) (O'Keefe, J.);Richards v. Colvin, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 362455, 4 CSCR 799
(Sept. 19, 1989) (Hennessey, J.).
In the present case, the plaintiff's original action was timely filed within the limitations period provided in General Statutes § 52-577a for products liability actions. The original action was subsequently dismissed for insufficient service of process on June 19, 1995, and the plaintiff has properly commenced this action "within one year after the determination of the original action[.]" General Statutes § 52-592 (a).
For the foregoing reasons, the plaintiff may avail itself of CT Page 12245 the Accidental Failure of Suit Statute, that the current cause of action has been properly commenced under that statute, and that the plaintiff's complaint is now properly before the court. Accordingly, the defendant's motion to dismiss, on the ground that the plaintiff is not entitled to utilize the Accidental Failure of Suit Statute, is denied.