[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 30, 1997
The plaintiffs, Elizabeth Reed, individually and as administratrix of the estate of Philip Reed, Jr., Jackson Reed and Philip Reed, filed a three count complaint on May 22, 1996, against the defendant, Martin Austin, M.D. The complaint alleges that the decedent, Philip Reed, Jr., was under the "care, treatment, monitoring and supervision" of the defendant, a licensed physician, from December 2, 1991, through the day he died, March 14, 1993.
This is the second such action initiated by these plaintiffs. On May 3, 1996, the court in the first action granted this CT Page 3753 defendant's motion to dismiss based on improper service of process. At the time the original service was attempted, the defendant no longer worked at the place of service and no longer lived in Connecticut. The plaintiffs bring this medical malpractice action under the accidental failure of suit statute, General Statutes § 52-592. The defendant has filed a motion (#101) to strike, claiming that the statute is inapplicable in the current case because the original action never "commenced." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori. 236 Conn. 820, 825, 676 A.2d 357
(1996).
"In Connecticut, an action is commenced on the date of service of the writ upon the defendant." Valley Cable Vision,Inc. v. Public Utilities Commission, 175 Conn. 30, 33,392 A.2d 485 (1978), citing Broderick v. Jackman, 167 Conn. 96, 99,355 A.2d 234 (1974). General Statutes § 52-592, commonly known as the accidental failure of suit statute, provides in pertinent part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."
There is a split in the Superior Courts regarding whether the accidental failure of suit statute can save an original case that has failed due to improper service if the improper service prevented that original case from ever actually commencing in the first place. The purpose of the statute of limitation is "to prevent the unexpected enforcement of stale claims concerning which the persons interested have been thrown off guard by want of prosecution." (Internal quotation marks omitted.) Rausch v.Estate of Boyd, Superior Court, judicial district of Middlesex, Docket No. 067470 (July 13, 1995, Arena, J.) (15 CONN. L. RPTR. 131). Its counterbalance is the accidental failure of suit CT Page 3754 statutes; see Ross Realty Corp v. Surkis, 163 Conn. 388, 393,311 A.2d 74 (1972); which is designed to "to avoid hardships arising from an unbending enforcement of limitation statutes." (Internal quotation marks omitted.) Isaac v. Mount Sinai Hospital,210 Conn. 721, 728, 557 A.2d 116 (1989). It provides the plaintiff with his day in court so that his case can be heard on its merits, despite his previous error regarding a "matter of form."
"The chief purpose of service is to ensure actual notice that an action is pending . . ." Genung's, Inc. v. Rice,33 Conn. Sup. 545, 558, 362 A.2d 540, cert. denied, 429 U.S. 929,97 S.Ct. 336, 50 L.Ed.2d 300 (1976). This notice also supplies the court with personal jurisdiction over the defendant. See UnionTrust Co. v. Brodeur, Superior Court, judicial district of New Haven, Docket No. 306605, 4 CONN. L. RPTR. 61 (May 14, 1991, Grey, J.).
The issue in this case requires the court to balance a defendant's right to notice of a pending lawsuit and his right to be free from stale claims against a plaintiffs right to his day in court. The defendant's right to notice of an impending lawsuit is not violated in cases involving the accidental failure of suit statute. The defendant's right to proper notice will either be met in the original lawsuit or be protected due to the plaintiffs need to resort to the accidental failure of suit statute. Absent some terminal defect in the original case, the second case would never have been necessary. Furthermore, in bringing the second case, the plaintiff must ensure that the defendant receives adequate notice or else this lawsuit will also fail.
In the present case, the court must balance the two public policies: the defendant's right to be free from stale lawsuits and the plaintiffs right to his day in court. The enactment of the accidental failure of suit statute indicates that the one year extension granted by the act is not too high a price for a defendant to pay in order to ensure the plaintiff his day in court.
Therefore, the term "commenced" in the accidental failure of suit statute does not refer to actions in which the service of process was proper. See, e.g., Pomfret School v. Executone Com.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 391978 (July 20, 1992, Aurigemma, J.) (7 CONN. L. RPTR. 108). Accordingly, the defendant's motion to strike the complaint on the ground that the accidental failure of suit statute does not apply is denied. CT Page 3755
The defendant also moves to strike count two of the complaint, claiming that loss of filial consortium is not a recognized cause of action in Connecticut. "This court has previously held that Connecticut does not recognize parent/child loss of consortium because [t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " (Internal quotation marks omitted.) Kohutka v. Mazzucco, Superior Court, judicial district of Stamford, Docket No. 142751 (April 18, 1995, Lewis, J., 14 CONN. L. RPTR. 87); see Mahoney v. Lensink,17 Conn. App. 130, 141, 550 A.2d 1088, rev'd on other grounds, 213 Conn. 548, 569 A.2d 518 (1990). Therefore, the defendant's motion to strike count two is granted.