[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
CT Page 2495
Before the Court is the Motion to Dismiss filed by all defendants seeking to have the Amended Complaint in the above captioned action dismissed because of a claimed lack of jurisdiction over the subject matter of the action due to the plaintiff's failure to exhaust administrative remedies. This is a lawsuit in which the plaintiff seeks preliminary and permanent injunctive relief against alleged violations of his federal and state constitutional rights including Freedom of Speech pursuant to the First and Fourteenth Amendments to the U.S. Constitution,42 U.S.C. § 1983 and 1988, §§ 9 and 10, Article First of the Connecticut Constitution.
For all the reasons set forth, the Motion is denied.
The plaintiff is a licensed dentist in the State of Connecticut who has practiced for almost three decades and is now the subject of a disciplinary proceeding by the State of Connecticut State Dental Commission arising out of his views and professional advice about removal of mercury amalgam dental fillings. The Commission consists of nine members appointed by the Governor under C.G.S. § 20-103a(a). On January 17, 1997 the Department of Health issued a statement of charges against the plaintiff pursuant to C.G.S. § 20-114 in which it alleged that the plaintiff engaged in incompetent or fraudulent conduct by claiming that the removal of mercury amalgam fillings could alleviate the symptoms of various medical conditions, specifically, amyotrophic lateral sclerosis, anemia and Hodgkins disease and that these claims had been made to different patients in 1985, 1993 and 1994 respectively.
The plaintiff in this case previously brought a complaint in the U.S. District Court for the District of Connecticut in January of 1998. He alleged the same constitutional violations he now raises in State Court. The U.S. District Court, acting by Judge Chatigny, granted the defendants' Motions to Dismiss the plaintiff's complaint and entered judgment in the matter for the defendants. The U.S. District Court abstained from taking any action based on principles of equity, comity and federalism, citing Younger v. Harris, 401 U.S. 37 (1971).
The plaintiff moved this court for an ex parte temporary restraining order which was presented to the court by the clerk and denied without hearing because the court believed that under CT Page 2496 all the circumstances presented by the complaint and prayer for relief the defendants were entitled to notice and an opportunity to be heard. The matter then came before this court for a rule to show cause on the injunctive relief sought. That caused the present motion to dismiss to be filed by the defendants. There the jurisdiction of the court is challenged, the court must first proceed to address that jurisdictional issue before proceeding any further in any other way. Each party presented argument and thorough briefs setting forth their respective positions. A fair summary of the defendants' contentions is that the court lacks subject matter jurisdiction to hear the plaintiff's application for injunctive relief because: (1) the plaintiff has failed to exhaust his administrative remedies before the State Dental Commission which has initiated the disciplinary action against him which he now seeks to enjoin; (2) plaintiff was required to first use the administrative proceeding, which by possibly giving him the relief he seeks would permit the jurisprudential rule to be honored which avoids constitutional determination about disputes which can be decided on another basis; (3) once the Commission acts, if dissatisfied with the agency's decision, plaintiff's remedy is to seek judicial review by taking an administrative appeal from the agency's final determination pursuant to § 4-183(b); (4) General Statutes § 4-183
provides for stay of the agency's action pending an appeal which would protect the plaintiff's rights adequately; (5) exhaustion of remedies would not be a futile act because such legal futility permitting bypass of administrative remedies exists only when such administrative remedy could not result in a favorable decision and would therefore invariably involve subsequent judicial proceedings; (6) First Amendment claims of violation of the plaintiff's rights to speak and advocate freely do not excuse the required exhaustion of administrative remedies; (7) plaintiff's allegations of bias against members is not sufficient to constitute "disqualifying" bias; and (8) the plaintiff'sFirst amendment claims have not ripened sufficiently for judicial review because the defendant Dental Commission has made no orders against the plaintiff.
In the face of all this, the plaintiff indicates his willingness to proceed first through a hearing and decision before the State Dental Commission provided the panel reconstitutes itself so that it is not comprised of American Dental Association members. The defendants refuse to do this.
In light of that refusal, and though the defendant concedes CT Page 2497 that the administrative body has not completed its hearing, much less rendered a decision, he urges the Court that the law should permit bypass of the Commission hearing process because resort to the administrative agency would be futile since the administrative agency has already unlawfully adopted a regulation embodying the official American Dental Association position deterring professional recommendations to remove mercury amalgams and two members of the panel formed to hear the charges against him are members of that very association.[1]
The plaintiff also urges that he ought to be able to have a hearing before the court to have a determination made on the basis of what evidence exists about whether the administrative proceeding should be enjoined. The plaintiff also contends that because this Court must accept the facts alleged in plaintiff's complaint as true, and therefore the fact that the Commission and its Commissioners are biased and have prejudged the Statement of Charges, plaintiff has satisfied the standards required to defeat a motion to dismiss. Defendants' Motion does admit all facts well pleaded. Barde v. Board of Trustees, 207 Conn. 59, 63,539 A.2d 1000 (1988). Because the Court's jurisdiction is presumed, defendants' motion to dismiss should be granted only if the record clearly indicates jurisdiction does not exist. Baskin'sAppeal, 194 Conn. 635, 641 n. 9, 484 A.2d 934 (1984); Perrys,Inc. v. Waterbury Redevelopment Agency, 157 Conn. 122, 124,249 A.2d 256 (1968).
It is not disputed that the plaintiff has failed to exhaust his administrative remedies because he has brought this injunction before the case proceeded to receipt of a decision from the State Dental Commission hearing panel. The question then becomes do facts exist which would legally excuse the need for a plaintiff to do so.
The Court notes that both in their briefs and oral advocacy on behalf of each of the respective parties, counsel have set forth with great skill and ability the legal problem and have assisted the Court in appreciating all dimensions of the legal issues posed. Their briefs, pleadings and arguments epigrammatically sum up the central issue when they state that the case deals with two important competing principles: the conservation of Judicial resources represented by the exhaustion of administrative remedies doctrine, as set out in a line of cases following Pet v. Department of Health Services,207 Conn. 346, 542 A.2d 672 (1988) and the requirements of fundamental CT Page 2498 fairness in administrative proceedings represented by the futility exception to the exhaustion principle discussed in cases such as Town of Greenwich v. Liquor Control Commission,191 Conn. 528, 541-42, 469 A.2d 382 (1983).
The case becomes more complex because of two competing interests in the healing arts, which a government of free people has a right and sometimes a duty to protect. The first is the right to ensure that practitioners it licenses meet minimum standards of care. The second, involves the necessary temperance of that right and duty so that standards do not remain immutable in the face of scientific and medical discoveries which require that those standards be changed, some of which salubrious discoveries, the history of science teaches us can arise from an unconventional source or unlikely place.
Reduced to its bottom line, the defendants' contention is that this court has no jurisdiction to hear the plaintiff's claims that the administrative agency has prejudged the matter and is biased. They contend that the plaintiff cannot prevail in any injunctive proceeding because case law holds that direct adjudication, even of constitutional claims, is not warranted when relief sought by the litigant might conceivably have been obtained from an alternate statutory procedure which the plaintiff has chosen to ignore.
Without evidence on the motion, the defendants seek dismissal of the claim for injunctive relief as a matter of law because of the exhaustion doctrine thus eliminating an evidentiary hearing on the claims for injunctive relief.
Neither side presented testimony in the hearing on the motion to dismiss.
Under the Barde doctrine, for the purposes of the motion only, the defendants' Motion admits all of the following facts are true and well pleaded in the complaint.
 (1) Based upon scientific studies, publications, and reports, the plaintiff believes that the condition and care of a patient's teeth can affect his or her overall well-being.
 (2) Specifically, the plaintiff believes, based on these studies, publications and reports, CT Page 2499 that tooth fillings ("amalgams") that contain mercury may be detrimental to a patient's health, and that a tooth that has had "root canal" treatment, which extracts the nerve from a tooth, may, in certain patients, have a detrimental effect on that individual's health.
 (3) Despite said scientific studies, publications and reports the American Dental Association (the "ADA"), its affiliate, the Connecticut State Dental Association ("CSDA"), and, upon information and belief, local dental associations have taken the public position that:
 a. mercury amalgams are in no way harmful to the vast majority of patients and therefore no medical reason exists to remove them; and
 b. root canals are also in no way harmful to patients.
 (4) About April 4, 1994, Doctor Perry Opin, in his official capacity as Chairman of Judicial Review of the CSDA, requested the State Dental Commission accept and adopt the ADA's position regarding mercury amalgams, namely that no medical reason exists to remove them.
 (5) On or about June 24, 1994, the Commission accepted and adopted the ADA's position without giving plaintiff an opportunity to be heard on the issue and without any independent research regarding said issue or opportunity for contrary views to be heard.
 (6) On or about January 17, 1997, the defendants issued a Statement of Charges against the plaintiff, Petition No. 940929-002-123, to be heard by the Commission.
 (7) The Statement's First Count relating to conduct said to have occurred almost 13 years ago in 1985, alleges that plaintiff advised a patient that the removal of his amalgam fillings could alleviate the symptom's of Lou Gehrig's Disease and CT Page 2500 that plaintiff removed said fillings, constituting violations of § 20-114(a)(2) and/or § 20-114(a)(8).
 (8) The Statement's Second Count alleges that plaintiff advised a patient that the removal of three teeth could alleviate the symptoms of anemia, constituting violations of § 20-114(a)(2) and/or § 20-114(a)(8).
 (9) The Statement's Third Count alleges that plaintiff removed a patient's mercury amalgams for the stated purpose of alleviating the symptom's of Hodgkin's Disease, constituting violations of § 20-114(a)(2) and/or § 20-114(a)(8).
 (10) Of the three commissioners scheduled to hear the Statement of Charges against plaintiff, two are dentists who are both ADA and CSDA members.
 (11) As ADA members, the six commissioners who are dentists are bound to follow the ADA's principles of ethics and code of conduct, which state that the removal of amalgam restorations from the non-allergic patient for the alleged purpose of removing toxic substances from the body, when such treatment is performed solely at the recommendation of the dentist, is improper and unethical.
 (12) The ADA, as an assignee of two patents relating to mercury amalgams, may have a pecuniary interest in the outcome of said hearing, in that the ADA profits from the placement of mercury amalgams in patients, and plaintiff would threaten such profits if he continued to disseminate information questioning the validity of said placements.
The Court notes that the plaintiff alleged that (1) by virtue of a patent or patents held for mercury amalgam composites the American Dental Association has a proprietary interest in the outcome of the proceedings and; (2) its leadership adopted a resolution binding members concerning the acceptability of mercury amalgam and an official of our State's affiliate proposed CT Page 2501 to bind all dentists to this view by State regulation; (3) the State Dental Commission by regulation so bound all dentists to the ADA view by enacting a regulation without compliance with statutory procedures which would have permitted the plaintiff and others an opportunity to be heard; and (4) the State Dental Commission has brought charges against the plaintiff for violation of this regulation, in at least one case for conduct which antedates the regulation by almost 10 years.
In doing so, the plaintiff has alleged enough under the futility exception to the doctrine of exhaustion of administrative remedies to vest the court with jurisdiction and to justify the court taking evidence to determine whether the plaintiff can prove his complaint and if so whether injunctive relief of the kind sought should issue. The matter will be heard on Monday, May 4, 1998 at two p. m. at which time the parties should be prepared to present their evidence.
FLYNN, J.