[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is an action brought in Connecticut returnable March 14, 1995 seeking damages for injuries sustained in an auto accident occurring in Vermont on or about February 16, 1992. In a previous action, Docket No. CV 94-0534819S, Deputy Sheriff Thomas J. Burke unable to locate the defendant, Renee Bernier Delia allegedly a resident of Connecticut, attempted to accomplish service of process by serving the Connecticut Commissioner of Motor Vehicles within the statutory time period on January 21, 1994. The defendant objected to the sufficiency of service since the accident occurred outside of Connecticut and filed a motion to dismiss which was granted by Judge Koletsky July 11, 1994.
In this action, the sheriff made abode service on the defendant on February 17, 1995. The defendant moves for summary judgment claiming that plaintiff's cause of action is barred by the statute of limitations, General Statutes § 52-584.
The plaintiff contends that the action is saved by General Statutes § 52-592, the accidental failure of suit statute, since the sheriff accomplished abode service within one year of the CT Page 3412 dismissal by Judge Koletsky. The defendant argues that General Statutes § 52-592 requires that an action must be commenced within the time limited by law and plaintiff failed to commence the present action until February 17, 1995, well past the two year statute of limitations.
General Statutes, § 52-592, the accidental failure of such statute, provides in pertinent part:
 (a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merit because of insufficient service . . . or because the action has been dismissed for want of jurisdiction . . . the plaintiff, or . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . .
Our courts have held that General Statutes § 52-592 is remedial in nature and warrants abroad construction. See Ruddockv. Burrowes, 243 Conn. 569, 575, 706 A.2d 967 (1998). In the previous case the plaintiff attempted to bring the action within the limitations period when the sheriff served the Commissioner of Motor Vehicles in a timely fashion. Several Superior Court decisions have held that insufficient service of process does not bar a cause of action when the initial complaint is timely filed. See Reed v. Austin, Superior Court, judicial district of Stamford-Norwalk at Stamford Docket No. 152345 (April 30, 1997, Lewis, J.) (19 Conn. L. Rptr. 351); Eastern Plastics, Inc. v.New England Oven Furnace Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 375538 (October 27, 1995, Zoarski, J.) (15 Conn. L. Rptr. 343); Pomfret School,Inc. v. Executone Communications/Connecticut. Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 391978 (July 20, 1992, Aurigemma, J.).
Based on the language and the remedial purpose of General Statutes § 52-592, as well as the reasoning of these cases, the defendant's motion for summary judgment is denied.
Jerry Wagner Judge Trial Referee