[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
Regional School District Number One (district) was created in 1937, pursuant to Special Act 37-428. The town of Canaan is one of the six member towns in the district. The defendant Region One Board of Education was created pursuant to General Statutes § 10-46 and is charged with administering the affairs of the regional school district. General Statutes § 10-51 (b) essentially requires each member town to make payments to the district based on the number of pupils enrolled in the district.
The plaintiffs, residents and taxpayers of the town of Canaan, bring this action seeking a declaratory judgment that General Statutes §10-51 (b) is unconstitutional on its face as applied by defendant Region One Board (Board) of Education and an order directing the defendant Board to recalculate its cost allocation. They allege that while the amount each town is required to pay to the district per student pursuant to § 10-51 (b) is the same, it results in a much greater tax burden upon residents of Canaan than the other member towns because Canaan has a smaller tax base than the other member towns.[1] For this reason, the plaintiffs claim that the § 10-51 (b) violates the equal protection clauses of the constitutions of the United States and Connecticut.
The named defendant, Attorney General Richard Blumenthal, moves to dismiss the case for lack of subject matter jurisdiction in that: (1) the claims raise nonjusticiable political questions; and (2) the plaintiffs lack standing to pursue their claims.
A motion to dismiss is the proper means to challenge a court's subject matter jurisdiction including the question of plaintiff's standing and the justiciability of the issues raised. See Practice Book § 10-31
(a)(1), Tomlinson v. Board of Education, 226 Conn. 704, 717-18 (1993);Middletown v. Hartford Electric Light Co., 192 Conn. 591, 595 (1984). Once raised, the issue of subject matter jurisdiction must be addressed by the court before proceeding further, and the court must dismiss the action if it finds that it lacks such jurisdiction. Practice Book §10-33; Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 245-46
(1989). The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone.Barde v. Board of Trustees, 207 Conn. 59, 62 (1988), citing Perrys, Inc.v. Waterbury Redevelopment Agency, 157 Conn. 122, 124, (1968).
 I. DO THE PLAINTIFFS RAISE JUSTICIABLE CLAIMS 
The principles that underlie justiciability are well established. The CT Page 204 requirements are: "(1) that there be an actual controversy between or among the parties to dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant."Pellegrino v. O'Neill, 193 Conn. 670, 674 (1984), citing State v. Nardini, 187 Conn. 109. 111-112 (1982). On the question of the constitutionality of General Statutes § 10-51 (b) and S.A. 59-405 § 5, "[t]he declaratory judgment procedure in Connecticut as provided by 52-29 of the General Statutes and 307-313 (now 17-54 et seq.) of the Practice Book is peculiarly well adapted to the judicial determination of controversies concerning constitutional rights and . . . the constitutionality of state legislature or executive action." Horton v.Meskill, 172 Conn. 615, 626 (1977). "Deciding whether a matter has in any measure been committed by the Constitution to another branch of government, or whether the action of that branch exceeds whatever authority has been committed, is itself a delicate exercise in constitutional interpretation, and is a responsibility of this Court as ultimate interpreter of the Constitution." Sheff v. O'Neill, 238 Conn. 1,13-14 (1996), citing Baker v. Carr, 369 U.S. 186, 211, 82 S.Ct. 691,7 L.Ed.2d 663 (1962).
The plaintiffs argue that the present case poses a pure constitutional, not a political question. (See Complaint ¶ 18.) They rely heavily on Horton v. Meskill, to support their position that the issues in this case are justiciable. The problem with the reliance onHorton is that here, the plaintiffs' claims are not based on Articleeighth, § 1 of the constitution of Connecticut but rather the equal protection and due process provisions of the constitutions of the United States and Connecticut.
"The equal protection clauses of both the United States Connecticut Constitutions having a like meaning, the decisions of the United States Supreme Court defining Federal Constitutional rights are . . . persuasive authority." Horton v. Meskill, supra, 641. In San Antonio IndependentSchool District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed. 16
(1973), the United States Supreme Court was called upon to review the financing system for education used in Texas where a substantial quantum of educational support is supplied by local districts with disparities in financial resources. It held that the Texas education financing system did not violate the equal protection provisions of the federal constitution. Id., 55. Relying on Rodriguez, the Connecticut Supreme Court, in Horton v. Meskill, affirmed the trial court's finding that Connecticut's method of financing public education did not violate the equal protection clauses of the constitutions of the United States or Connecticut. Horton v. Meskill, supra, 642. CT Page 205
The concluding paragraph in Rodriguez is instructive, stating that: "[t]he consideration and initiation of fundamental reforms with respect to state taxation and education are matters reserved for the legislative process of the various States . . . the ultimate solutions must come from the lawmakers and from the democratic pressures of those who elect them. Id., 58-59. The issue upon which Horton was decided was whether the state was providing a substantially equal educational opportunity to its youth. In the present case the plaintiffs make no claim as to the adequacy of the educational opportunity but only question the sources of the funding. There is no claim that Article Eighth, § 1, of the constitution of Connecticut has been violated. Accordingly, the questions cast by the plaintiffs as equal protection claims are actually questions for lawmakers and are non-justiciable. Based on this finding, it is unnecessary to address the issue of plaintiffs' standing.
For the foregoing reasons, the defendant's motion to dismiss is granted.
Cremins, J.